IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00218-REB-KLM

HICA EDUCATION LOAN CORPORATION,

    Plaintiff,

v.

DANA R. MCKINNEY,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Default Judgment** [Docket No. 18; Filed October 4, 2012] (the "Motion"). Defendant has not responded to the Motion. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for a recommendation regarding disposition [#20]. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#18] be **GRANTED**.

    In short, Plaintiff filed this suit on January 25, 2012 [#1] pursuant to the Health Education Assistance Loan Program ("HEAL"), alleging that Defendant defaulted on a student loan. *See* 42 U.S.C. §§ 292, 294; 42 C.F.R. Part 60. Plaintiff served Defendant with the Complaint on February 18, 2012, thereby making her answer or other response due by March 12, 2012 [#6]. Defendant failed to make any filing and, pursuant to Fed. R.

Civ. P. 55(a), the Clerk of the Court entered default against Defendant on March 15, 2012 [#10]. On April 10, 2012, prior to the deadline set by the Court for Plaintiff to file a motion for default judgment [#11], Plaintiff filed a Suggestion of Bankruptcy [#14] on behalf of Defendant. On September 19, 2012, the automatic stay imposed by the bankruptcy proceedings was lifted [#17]. Plaintiff subsequently timely filed the present Motion [#18], in which it seeks entry of default judgment against Defendant.

Pursuant to Fed. R. Civ. P. 55(a), default may enter against a party who fails to appear or otherwise defend the case brought against it. However, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)). Rather, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Greenwich Ins. Co.*, 2008 WL 793606 at *1 (citations omitted). "'[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest [it] be faced with interminable delay and continued uncertainty as to [its] rights. The default judgment remedy serves as such a protection.'" *In re Rains*, 946 F.2d 731, 733-34 (10th Cir. 1991) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *Greenwich Ins. Co.*, 2008 WL 793606 at *2 (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1143 (E.D.N.C. 1986)).

Upon review of a motion for default judgment, the moving party enjoys the benefit

of deferential pleading interpretation.  The Court deems the well-pled facts (as opposed to merely conclusory statements) of the Complaint in this matter to be true.  *Id.* at *1 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits.  *Id.*  When assessing damages, however, the Court must establish the amount that the moving party is entitled to recover.  *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984).  Whether to conduct a hearing for the purpose of ascertaining damages is discretionary; the Court need not conduct a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation."  *Held v. Shelter Sys. Group Corp.*, No. 93-1225, 1994 WL 47157, at *1 (10th Cir. 1994) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)).

Defendant has not participated in this lawsuit in any manner.  Thus, she has admitted the following facts in Plaintiff's Complaint: (1) Defendant signed the promissory note at issue in this lawsuit (the "Note"), *Compl.* [#1] ¶ 5; (2) the Note was executed pursuant to the statutes and regulations of the HEAL Program, *id.* ¶¶ 3, 5 n.1, Ex. 1; (3) Plaintiff is now the holder of the Note, *id.* ¶ 7; (4) Defendant defaulted on the underlying loan, *id.* ¶ 8; and (5) Defendant is now obligated to Plaintiff for the following amounts: (a) $6,753.53 in unpaid principal, (b) $1,221.42 in unpaid interest as of December 21, 2011, plus $0.42 per day since that date, and (c) $8.23 in late charges, *id.* ¶ 11.  *See Greenwich Ins. Co.*, 2008 WL 793606 at *1.  Plaintiff calculates that the unpaid interest as of September 27, 2012, is $1,342.45.  *Motion* [#18] at 1.  Plaintiff supports these calculations with a declaration from an employee of the servicing agent for the loan, Sallie Mae, Inc.  *Ex. 1, Decl. of Zimmerman* [#18] at 4-5.  The Court finds that Defendant's admissions and

Plaintiff's proffered evidence regarding damages support entry of default judgment in favor of Plaintiff for the above-stated amounts.

Plaintiff also seeks post-judgment interest at the variable rate to which the parties contracted in the Note or, in the alternative, post-judgment interest pursuant to 28 U.S.C. § 1961.  *Motion* [#18] at 2 n.1.  Plaintiff made this identical request in a similar lawsuit, which District Judge Philip A. Brimmer addressed as follows:

> In support of the contractual rate, plaintiff cites 42 U.S.C. § 292d(d), which provides that laws limiting interest rates on loans do not apply to HEAL loans. Plaintiff does not provide any authority for the proposition that this provision implicates 28 U.S.C. § 1961.  Furthermore, although "parties may contract to, and agree upon, a post-judgment interest [rate] other than that specified in § 1961," *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005), "they must specifically contract around the general rule that a cause of action reduced to judgment merges into the judgment and the contractual interest rate therefore disappears for post-judgment purposes."  *In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009) (citation and footnote omitted). Because the promissory note lacks "clear, unambiguous and unequivocal language" expressing the intent to "override the general rule on merger," *see id.* (citation omitted), the Court will award post-judgment interest pursuant to § 1961.

*HICA Educ. Loan Corp. v. Perkins*, No. 12-cv-00214-PAB-KLM, 2012 WL 3079132, at *1 n.2 (D. Colo. July 25, 2012).  The Court finds Judge Brimmer's analysis to be persuasive and adopts it here, further finding that the Note in the present lawsuit lacks "clear, unambiguous and unequivocal language" expressing the intent to "override the general rule on merger."  *See id.*  The Court therefore finds that Plaintiff should be awarded post-judgment interest pursuant to 28 U.S.C. § 1961.

For the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that the Motion [#18] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that judgment enter in favor of Plaintiff and

against Defendant in the amount of $8,104.21, plus additional prejudgment interest from September 28, 2012 to the date of judgment at the rate of $0.42 per day.

IT IS FURTHER **RECOMMENDED** that post-judgment interest accrue in accordance with 28 U.S.C. § 1961.

Dated: November 26, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge