**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Case No. 12-cv-00218-RM-KLM

HICA EDUCATION LOAN CORPORATION,

      Plaintiff,

v.

DANA R. MCKINNEY,

      Defendant.

---

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter is before the Court on the November 26, 2012 Recommendation of United States Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 21) that the Plaintiff's Motion for Default Judgment (ECF No. 18) be granted, and that judgment be entered against Defendant, including prejudgment and post-judgment interest.  Defendant has not responded since the entry of the Recommendation either formally or informally, despite Plaintiff's further attempts to contact her, and despite an Order by this Court that the parties file a Status Report when the case was reassigned to Judge Moore in 2013.  (*See* ECF Nos. 23, 24.)

This Court has reviewed the Recommendation under the applicable *de novo* standard of Fed.R.Civ.P. 72(b).    Default judgment may enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55.  "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir.1991) (internal

quotation marks and citation omitted).  Further, "a party is not entitled to a default judgment as

of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the

court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445, n, at *2 (D. Colo. Mar. 22,

2008) (internal quotation marks and citation omitted).

     Having reviewed the record *de novo*, the Court agrees with Judge Mix that default

judgment is appropriate here.  Plaintiff established in the Complaint that Defendant defaulted on

her student loan, and Defendant has thus failed to make any filings or respond in any manner to

this action.  The Clerk of the Court entered default against Defendant on March 15, 2012.  Since

that time, a Suggestion of Bankruptcy was filed by Plaintiff on behalf of Defendant (ECF No.

14), an automatic stay was imposed, and then the automatic stay was lifted (ECF No. 17).

Plaintiff now seeks default judgment, Judge Mix agreed, and this Court will now order that

default judgment be entered.  Defendant is now obligated to Plaintiff for $6753.53 in unpaid

principal, $1342.45 in unpaid interest[1] as of December 21, 2011, plus $0.43[2] per day since that

date, and $8.23 in late charges.  In addition, Plaintiff seeks post-judgment interest at the variable

rate to which the parties contracted in the Note or, in the alternative, post-judgment interest

pursuant to 28 U.S.C. § 1961.  (ECF No. 18 at 2, n.1.)  This Court agrees with Judge Mix's

analysis on this point (*see* ECF No. 21 at 4), and post-judgment interest shall be awarded in

accordance with 28 U.S.C. § 1961.

     In accordance with the foregoing, the Court ORDERS as follows:

---

[1] This Court's calculation for unpaid interest is taken from the verified Motion (ECF No. 18), not from Judge Mix's Recommendation, which took the amount of unpaid interest as dated from the Complaint.

[2] The Complaint and the Motion have two different figures for the rate of interest that continues to accrue. According to the Complaint, "[t]he note contractually provides for the accrual of interest at a variable rate, which rate is calculated by the Secretary of the Department of Health and Human Services (Secretary) for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest 1/8 of 1 percent."  This Court takes its per diem rate from the verified Motion, rather than from the Complaint, given that this rate is variable and that the Motion was verified and was submitted later in time.

(1)     Judge Mix's Recommendation (ECF No. 21) is ADOPTED as modified herein;

(2)     Plaintiff's Motion for Default Judgment (ECF No. 18) is GRANTED;

(3)     Judgment shall enter in favor of Plaintiff and against Defendant in the amount of $8104.21;

(4)     Prejudgment interest shall be awarded at the rate of $.43 per day from the date of the Motion, October 4, 2012, to the date of judgment;

(5)     Post-judgment interest shall be awarded pursuant to 28 U.S.C. § 1961.

DATED this 18th day of September, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge