**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Case No. 12-cv-00218-RM-KLM

HICA EDUCATION LOAN CORPORATION,

    Plaintiff,

v.

DANA R. MCKINNEY,

    Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff HICA Education Loan Corporation's ("HICA") Motion for Award of Attorneys' Fees and Costs ("Motion"). (ECF No. 27.) For the following reasons, the Court GRANTS, in part, and DENIES, in part the Motion.

**I.      BACKGROUND**

On January 25, 2012, HICA initiated this action alleging that Defendant Dana R. McKinney ("McKinney") defaulted on a student loan arising under the Health Education Assistance Loan ("HEAL") Program, *see* 42 U.S.C. §§ 292, 294; 42 C.F.R. Part 60. (ECF No. 1.) On September 22, 2014, the Court entered default judgment in HICA's favor. (ECF No. 26.) The Court awarded HICA:

    (1)    $8,104.21 in unpaid principal;

    (2)    $0.43 in unpaid prejudgment interest from the date of October 4, 2012 to September 22, 2014; and

    (3)    post-judgment interest to accrue in accordance with 28 U.S.C. § 1961.

(ECF No. 25 at 3.)

HICA filed the instant motion on October 7, 2014, seeking attorneys' fees in the amount of $3,455.00 and costs in the amount of $368.80. (ECF No. 27 at 2.) HICA now seeks attorneys' fees and costs pursuant to its contract with Defendant and to the regulations governing the HEAL Program. (ECF No. 27 at 1.)

## II.     LEGAL STANDARDS AND ANALYSIS

HICA's contract with Defendant states that "I, Dana McKinney, the borrower, promise to pay to The Chase Manhattan Bank, N.A. New York, NY, the lender or the subsequent holder of this Note, the principal sum of $20,000.00 . . . and to pay . . . all reasonable attorney's fees and other costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due." (ECF No. 1 at 5, Promissory Note.) The HEAL Program regulations provide that:

> The lender or holder may also require that the borrower pay the holder of the note for reasonable costs incurred by the holder or its agent in collecting any installment not paid when due. These costs may include attorney's fees, court costs, telegrams, and long-distance phone calls. The holder may not charge the borrower for the normal costs associated with preparing letters and making personal and local telephone contacts with the borrower. A service agency's fee for normal servicing of a loan may not be passed on to the borrower, either directly or indirectly. No charges, other than those authorized by this section, may be passed on to the borrower, either directly or indirectly, without prior approval of the Secretary.

42 C.F.R. § 60.15(b).

The Local Rules of the Court require that a motion for attorney's fees contain both "a detailed description of the services rendered [and] the amount of time spent" and "a summary of relevant qualifications and experience." D.C. Colo. L. Civ. R. 54.3(b). To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of

hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (citation omitted). In order to satisfy its burden, plaintiff must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The Supreme Court has found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (citation omitted). A party must demonstrate that its counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citation omitted). Where this showing is not made, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*.

HICA seeks attorneys' fees in the amount of $3,455.00 and court costs in the amount of $368.80. (ECF No. 27 at 2.) The requested fees include 6.4 hours of work at a rate of $325.00 per hour performed by attorneys in the firm of Matthew L. Johnson of Matthew L. Johnson & Associates, P.C. (although the billing summary contains the title of Johnson & Gubler, P.C.) (ECF No. 27 at 4-7, Johnson Decl. ¶ 2) and 5.5 hours of work at a rate of $275.00 per hour performed by attorney Franklin Scott Flow (ECF No. 27 at 9-13, Flow Decl. ¶ 6). In support of

this request, HICA offers (1) a declaration from Mr. Johnson; (2) a redacted billing summary from Mr. Johnson; (3) a declaration from Mr. Flow; and (4) a redacted billing summary from Mr. Flow. (ECF No. 27 at 4-13.) The requested costs include a $350.00 filing fee and service fees in the amount of $18.80 (ECF No. 27 at 2).

Federal regulations permit the recovery of attorneys' fees and court costs and these expenses are explicitly provided for in HICA's contract with Defendant. (ECF No. 1 at 5; 42 C.F.R. § 60.15(b)). HICA, however, has not met its burden of "establish[ing] the reasonableness of each dollar [and] each hour" for which the party seeks the award. *Bangerter*, 61 F.3d at 1510.

### A. Mr. Johnson's Attorney's Fees

The billing summary prepared by Mr. Johnson is redacted to obscure the substance of many tasks. (ECF No. 27 at 5-7) ("Telephone call with Flow Law Firm re: [redacted]"); "Correspondence with Shari re: [redacted]"; "Receive/review correspondence re: [redacted]"). Mr. Johnson has billed for a noncompensable clerical task, namely reviewing a summons. (ECF No. 27 at 5.) Thus, the Court cannot assess whether—and will not assume that—Mr. Johnson has used "billing judgment" in submitting this fee request. *See Jenkins*, 491 U.S. at 288 n.10; *Praseuth*, 406 F.3d at 1257.

Furthermore, Mr. Johnson's declaration does not contain any information regarding his skills or experience as an attorney, precluding the Court from determining whether his requested rate is reasonable and awarding fees for the unredacted and compensable tasks listed in the billing summary. (*See* ECF No. 27 at 5-7 ("Dictation/Preparation of demand letter to debtor"; "receive/review complaint and supporting pleadings"; "preparation for scheduling conference" etc.); *see also Blum*, 465 U.S. at 895 n.11.

For these reasons, the Court denies HICA's request for Mr. Johnson's fees.

**B.     Mr. Flow's Attorney's Fees**

The billing summary prepared by Mr. Flow, unlike that prepared by Mr. Johnson is not redacted as heavily which allows the Court to understand the substance of his tasks. Mr. Flow's declaration contains information regarding his skills and experience. (ECF No. 27 at 9, Flow Decl. ¶ 5.) Turning to the reasonableness of Attorney Flow's hourly rates, Attorney Flow has provided "assistance and litigation support to Matthew L. Johnson & Associates, P.C. ('Lead Counsel')." (ECF No. 27 at 8, Flow Decl. ¶ 4.) Attorney Flow has been licensed to practice law since 1992, is admitted before four United States District Courts, and has represented "many creditors seeking to collect debts that are due and owing to them." (ECF No. 27 at 7-8, Flow Decl. ¶¶ 2, 5.) The Court finds that the hourly rate of $275.00 is reasonable in this jurisdiction for counsel with Attorney Flow's experiences and qualifications. *See Shrader v. Beann*, Case No. 10-CV-01881-REB-MLW, 2012 WL 527480, at *3 (D. Colo. Feb. 12, 2012) (finding that an hourly rate of $425.00 for senior attorneys in the Denver area is reasonable). The Court finds, however, that much of Mr. Flow's work was duplicative. (*Compare* ECF No. 27 at 10 *with* ECF No. 27 at 11 ("Stage 1"; "Stage 2"; and "Stage 3").) Mr. Flow's billing entries appear to be canned and repetitive of one another. (ECF No. 27 at 10-13.) In determining a fee award, the Court is required to determine the number of hours reasonably spent by counsel for the prevailing party. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996) (citations omitted). Factors considered in a reasonable-ness determination include (a) the hours that would be properly billed to one's client in accordance with good "billing judgment," (b) time spent on specific tasks, and (c) *duplication of efforts*. *Malloy*, 73 F.3d at 1017-18. In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461

U.S. at 434. The Court is obligated to exclude "hours not 'reasonably expended' from the calculation." *Malloy*, 73 F.3d at 1018. On February 9, 2010, Mr. Flow created a billing entry for Stage 1 related to this matter. (ECF No. 27 at 10.) On December 10, 2010, Mr. Flow created a billing entry for Stage 2 related to this matter. (ECF No. 27 at 10.) On June 14, 2011, Mr. Flow created a billing entry for Stage 3 related to this matter. (ECF No. 27 at 11.) Mr. Flow duplicated these efforts on September 6, 2011, January 26, 2012, March 13, 2012, and October 4, 2012. (ECF No. 27 at 11-12.) The Court excludes from the reasonable hourly calculation these duplicative efforts.

For these reasons, the Court grants, in part, HICA's request for Mr. Flow's fees.

**C.    Costs**

Finally, HICA has not provided any documentation in support of the court costs it requests in excess of the $350.00 filing fee, of which the Court will take judicial notice. *See Lewis v. Burger King*, 398 F. App'x 323, 324 (10th Cir. 2010) (unpublished); http://www.cod.uscourts.gov/CourtOperations/FeeSchedule.aspx (last visited Mar. 4, 2015).

For these reasons, the Court grants, in part, HICA's request for costs.

**III.    CONCLUSION**

Based on the foregoing, the Court:

(1)    GRANTS, in part, and DENIES, in part, Plaintiff's motion (ECF No. 27), to wit, the Court:

(i)    DENIES HICA's request for attorney's fees for Mr. Johnson and any attorneys associated with his firm;

(ii)    DENIES HICA's request for service costs;

    (iii) GRANTS HICA's request for attorney's fees for Mr. Flow in the amount of $625.00;

    (iv) GRANTS HICA's request for court costs in the amount of $350.00 as the Court's filing fee; and

    (v) DENEIS HICA's motion in all other respects.

 DATED this 6th day of March, 2015.

            BY THE COURT:

            _____
            RAYMOND P. MOORE
            United States District Judge